UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONIQUE L. WINSTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:23-cv-01010-SRC |
| | ) |
| CHRIS MCBEE, | ) |
| | ) |
| Respondent. | ) |

### Memorandum and Order

This matter is before the Court on Petitioner Monique Winston's [4] Response and [5] Supplemental Response to the [3] Order to Show Cause dated September 26, 2023. In the Order, the Court directed Winston to show cause as to why the Court should not dismiss her application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 as time barred. For the following reasons, the Court concludes that 28 U.S.C. § 2244(d) time bars Winston's application and dismisses this case.

**I.   Background**

Winston is a self-represented litigant who is currently incarcerated at Chillicothe Correctional Center in Chillicothe, Missouri. Doc. 1 at 1. On June 4, 2015, she pleaded guilty to two counts of kidnapping to facilitate a felony, five counts of felony abuse or neglect of a child, and two counts of felony endangering the welfare of a child. *Missouri v. Winston*, No. 14-CR-01180 (22d Jud. Cir. Ct., City of St. Louis). On July 17, 2015, the court sentenced Winston to a 30-year total term of imprisonment in the Missouri Department of Corrections. Petitioner did not file a direct appeal. On May 14, 2020, Winston filed a pro-se motion to set aside her conviction pursuant to Missouri Supreme Court Rule 29.15. *Winston v. State*, No. 2022-CC-1272 (22d Jud.

Cir. Ct., City of St. Louis). Winston, through counsel, voluntarily dismissed the action on July 30, 2023. *Id.*

The Court reviewed Winston's state case on Case.net, Missouri's online case-management system. The Court takes judicial notice of this public state record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

## II.     Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Court shall summarily dismiss a Section 2254 petition if it plainly appears that the petitioner is not entitled to relief. Under Section 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> …
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment becomes final under Section 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Pursuant to Missouri Supreme Court Rule 30.03, a conviction and sentence become final after the expiration of the ten-day period for filing a notice of appeal. *See also Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state

2

appeals, a court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

### III.    Discussion

Winston did not appeal her sentence entered on July 17, 2015.   Because she did not appeal, her judgment became final under Section 2244(d)(1)(A) on July 27, 2015, causing the limitations period to begin running.    The limitations period expired on July 26, 2016, approximately seven years before Winston filed the instant petition for writ of habeas corpus by placing her application for writ of habeas corpus in the prison mailing system on August 7, 2023.

The Court notes that the statute of limitations tolls while state post-conviction proceedings are pending.   *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005).    To that end, an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process."   *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002).   However, Winston failed to file her post-conviction proceedings in *Winston v. State*, No. 2022-CC-1272, until after the statute of limitations had already expired.    Thus, it could not toll the already-expired statute of limitations.

In her response brief and supplemental response, Winston asserts that the Court should not dismiss her application for writ of habeas corpus as untimely because she was unaware of her time to appeal her conviction and sentence.   Doc. 5 at 1; *see also* doc. 4 at 2.   She also claims that her attorney failed to inform her of when she was supposed to file her "Form 40," or post-conviction motion.   Doc. 5 at 1.   Moreover, she was sent to Vandalia Prison immediately after her sentencing and was kept in Receiving and Orientation for approximately a month.   *Id.*   The prison did not allow her to access the law library at that time.   *Id*.   After the prison released her

3

from "R&O," it sent Winston to Administrative Segregation for ten days and then placed her on suicide watch "for a while." *Id*; *see also* doc. 4 at 2. Afterwards, Winston "did not have enough time left to file." *Id*; *see also* doc. 4 at 2. Winston states she was moved to Chillicothe Prison on February 28, 2017, at which time that prison placed her in a lockdown unit. Doc. 5 at 2. Winston also mentions that she currently has several mental conditions, including bipolar disorder, post-traumatic stress disorder, major depressive disorder, and anxiety. Doc. 4 at 3. She claims that she currently takes medication for her mental disorders, and she asks the Court to take her mental illness into consideration when reviewing her habeas action. *Id*. She indicates that she has worked on bettering herself in prison, including taking several courses to deal with her behaviors and actions. Doc. 5 at 3–4.

The Court understands Winston to claim entitlement to equitable tolling, pursuant to which the one-year limitations period set forth in Section 2244(d)(1)(A) may be tolled if a petitioner demonstrates (1) she has diligently pursued her rights, and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Muhammad v. United States.*, 735 F.3d 812, 815 (8th Cir. 2013).

Equitable tolling is an extraordinary remedy used only in rare circumstances. *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). It "affords the otherwise time-barred petitioner an exceedingly narrow window of relief*."* *Id*. Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, Winston makes no effort to demonstrate that she attempted to diligently pursue her rights prior to the expiration of the statute of limitations. She does not explain the

4

exact time periods when she was in lockdown or on suicide watch at Vandalia Prison or indicate whether she could send or receive mail during those time periods. Rather, she gives generalized and conclusory statements as to why she claims she could not file a direct appeal during that time. Additionally, Winston fails to articulate why she did not file a petition for writ of habeas corpus with this Court during the past seven years, even assuming this Court could consider some time periods for equitable tolling. Her failure to explain the time periods she would like tolled, and exactly why the Court should toll them, means Winston has not shown that she diligently pursued her rights, and as such, she cannot demonstrate entitlement to the infrequently granted equitable tolling. *See Holland,* 560 U.S. at 649; *Muhammad*, 735 F.3d at 815.

Although Winston asserts that she was unable to go to the law library to research her claims, that she was confused about the statute of limitations, and that she lacked legal help, these excuses do not establish grounds for equitable tolling. A prisoner's pro-se status, lack of legal knowledge or resources, her confusion about or miscalculations of the limitations period, or her failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are not adequate to warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Furthermore, in general, ineffective assistance of counsel, such as whether Winston's prior counsel told her the wrong information about the "Form 40" statute of limitations, does not warrant equitable tolling. *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006); *see also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). An attorney's miscalculation of a filing deadline is also not an extraordinary circumstance for purposes of equitable tolling. *Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011).

Lastly, the Court cannot find that Winston's mental status provides equitable tolling in this instance. In the Eighth Circuit, a mental impairment may support equitable tolling. *Nichols v. Dormire*, 11 Fed. App'x 633, 634 (8th Cir. 2001). "[W]hether it will do so will depend on its 'degree and duration.'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (quoting *Nichols*, 11 Fed. App'x at 634). As Winston described, she suffers from mental-health issues, such as bipolar disorder, post-traumatic stress disorder, major depressive disorder, and anxiety. Doc. 4 at 3. But she has not alleged any particularized description showing her condition adversely affected her during the relevant time period. *See* docs. 4, 5. For example, she has not alleged that her condition "was so severe as to preclude [her] from filing court documents or seeking the assistance of others to do so." *Martin*, 849 F.3d at 698. Winston did allege that she was unable to go to the law library because of her participation in a rehabilitation program in the mental-health unit. *See* doc. 4 at 2; doc. 5 at 1–2. But Winston chose to sign up for and enter that program, *see* doc. 5 at 1–2, and she has not alleged that her condition affected her understanding of her rights or the applicable deadlines before she did, *see* docs. 4, 5. In short, Winston has not demonstrated that degree and duration of her mental impairment support equitable tolling.

Moreover, for equitable tolling to apply based on a prisoner's mental condition, the prisoner must show that she diligently pursued her federal rights. *See Gordon v. Arkansas*, 823 F.3d 1188, 1195–96 (8th Cir. 2016) (explaining that prisoner failed to show why he could not have filed his federal habeas petition in the remaining nine months even though he was on restrictive treatment-precaution conditions for three months of his twelve-month statute of limitations period). As discussed above, Winston has failed to show she diligently pursued her rights. Thus,

6

the Court cannot find a basis for equitable tolling. As a result, the Court finds that Section 2244(d)(1)(A) time bars Winston's application and dismisses it.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because Winston has made no such showing, the Court will not issue a certificate of appealability. The Court applauds Winston for her achievements and accomplishments while incarcerated. The Court also acknowledges Winston's sharing of personal struggles and mental-health issues. Even so, the Court must apply the law as enacted by Congress, and that law bars Winston's claim as untimely.

Accordingly, Court grants Winston's [2] Motion to Proceed In Forma Pauperis. The Court denies and dismisses Winston's [1] Application for Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2254 as time barred. *See* Rule 4 of the Rules Governing Habeas Corpus Proceedings. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. An Order of Dismissal accompanies this Memorandum and Order.

So ordered this 5th day of February 2024.

                                             STEPHEN R. CLARK
                                             CHIEF UNITED STATES DISTRICT JUDGE